UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CARL SMITH                                    CIVIL ACTION

VERSUS                                        NO: 14-418

ATRIUM MEDICAL CORPORATION                    SECTION: R

<u>**ORDER AND REASONS**</u>

Before the Court is defendant Atrium Medical Corporation's motion for entry of a *Lone Pine* order and request for a protective order staying defendant's discovery obligations until the resolution of the *Lone Pine* motion.  Because the Court finds that a *Lone Pine* order is unwarranted at this time, defendant's motions are DENIED.

**I.   Background**

Plaintiff Carl Smith filed this products liability suit on February 25, 2014 alleging that he was injured by defendant's defectively designed C-QUR mesh.[1]  Plaintiff contends that doctors implanted defendant's mesh when repairing plaintiff's umbilical hernia on May 12, 2012.[2]  Plaintiff alleges that he was readmitted to the hospital on February 28, 2013 and doctors discovered numerous maladies at the site of his previous hernia repair

_____

[1] R. Doc. 1.

[2] R. Doc. 23 at 4.

including small bowel ischemia, gangrene, thickened fascial tissue, "intense adherence of omentum and small bowel to the undersurface of the umbilical area," and a twist of the small bowel.[3]  Plaintiff further alleges that he returned to the hospital on March 26, 2013 and was diagnosed with numerous gastric ulcers and diarrhea.[4]

Plaintiff filed an amended complaint on April 10, 2014 alleging that defendant's mesh caused his injuries.  To date, the parties have exchanged initial disclosures in accordance with Federal Rule of Civil Procedure 26, but have not otherwise conducted any discovery.  Defendant now moves the Court to issue a *Lone Pine* order that would stay defendant's discovery obligations until plaintiff produces evidence showing that defendant's mesh was defective and that the alleged defect caused plaintiff's injuries.[5]

## II.  Discussion

Defendant moves the Court to issue a *Lone Pine* order requiring plaintiff "to produce, at minimum, evidence sufficient to make a prima facie showing that Atrium's mesh was defective and that such defect caused his alleged injuries."[6]  *Lone Pine* orders take their name from *Lore v. Lone Pine Corp.*, No. L-33606-85, 1986 WL 637507

---

[3] *Id.* at 4.

[4] *Id.* at 5.

[5] R. Doc. 25-1.

[6] *Id.* at 2.

2

(N.J. Super. Ct. Nov. 18, 1986), in which the New Jersey Superior Court approved a pretrial order that required plaintiffs in a mass tort proceeding to provide basic facts about their case via expert reports or risk dismissal.  *Lone Pine*, 1986 WL 637507, at *1-3. *Lone Pine* orders are "designed to handle the complex issues and potential burdens on defendants and courts in mass tort litigation."  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Accordingly, courts use *Lone Pine* orders "to identify and cull potentially meritless claims and streamline litigation in complex cases."  *In re Vioxx Prod. Liab. Litig.*, 557 F. Supp. 2d 741, 743 (E.D. La. 2008) (quoting *Baker v. Chevron USA, Inc.*, No. 1:05-cv-227, 2007 WL 315346, at *1 (S.D. Ohio Jan. 30, 2007)).

"*Lone Pine* burden-shifting is appropriate in exceptional circumstances where the defendant can establish[] that it would be unduly burdensome to conduct discovery using the standard discovery methods provided by the Federal Rules of Civil Procedure."  *Jackson v. Syngenta Crop Protection, LLC*, CIV. A. No. 12-581, 2013 WL 4039403, at *1 (M.D. La. Aug. 7, 2013).  When determining whether to issue a *Lone Pine* order, courts consider several factors, "including: (1) the posture of the action; (2) the peculiar case management needs presented; (3) external agency decisions impacting the merits of the case; (4) the availability and use of other procedures explicitly sanctioned by federal rule or statute; and (5) the type of injury alleged by plaintiffs and its cause."  *In re*

*Digitek Prod. Liab. Litig.*, 264 F.R.D. 249, 256 (S.D. W. Va. 2010) (internal citations omitted).  Whether to issue a *Lone Pine* order falls within "the wide discretion afforded district judges over the management of discovery under Fed. R. Civ. P. 16." *Acuna*, 200 F. 3d at 340.  Ultimately, "a court should strive to strike a balance between efficiency and equity." *In re Vioxx Prod. Liab. Litig.*, 557 F. Supp. 2d at 744.

After considering the parties' briefing, the facts alleged in this case, and the relevant case law, the Court finds that a *Lone Pine* order is not warranted at this time.  Defendant has failed to demonstrate that this case presents procedural complexities or case management issues that warrant the entry of a *Lone Pine* order. Despite defendant's assertions to the contrary, this is a products liability case between a single plaintiff and single defendant. Defendant has not identified any complexities in the management of this matter that approach the case management issues that often arise in multi-party mass tort proceedings.  *See Jackson*, 2013 WL 4039403, at *1 ("The number of plaintiffs--two . . . is simply too low to require the plaintiffs to provide *prima facie* proof to support their claims pursuant to a *Lone Pine* order.  [This case does not present] the same type of management problems which have been alleviated through the issuance of a *Lone Pine* order in the past."); *Ramirez v. E.I. DuPont De Nemours & Co.*, No. 8:09-cv-321, 2010 WL 144866, at *3 (M.D. Fla. Jan. 8, 2010) (finding *Lone Pine*

order in case with single plaintiff and single defendant "patently unwarranted").  Indeed, the Court sees no reason to resort to a *Lone Pine* order when adherence to the Federal Rules of Civil Procedure can ensure that this case proceeds in an efficient manner.  *See In re Digitek Prod. Liab. Litig.*, 264 F.R.D. at 258 (finding a *Lone Pine* order appropriate only "where existing procedural devices explicitly at the disposal of the parties by statute and federal rule have been exhausted").

The Court also finds that the posture of this case makes defendant's request inappropriate.  To date, the parties have exchanged initial disclosures but have not otherwise engaged in any discovery.  To require plaintiff to produce evidence demonstrating a defect and causation at this juncture of the proceedings, without the benefit of discovery, would place an additional burden on plaintiff not contemplated by the Federal Rules of Civil Procedure. *See McManaway v. KBR, Inc.*, 265 F.R.D. 384, 388 (S.D. Ind. 2009) ("[A] *Lone Pine* order can in some cases be a useful case management tool; however, it should not be considered a substitute for or another species of a motion for summary judgment.") (emphasis omitted).  This is especially true given that defendant would require plaintiff to produce evidence demonstrating the particular defect in defendant's product, information that is uniquely within the province of defendant.  *See Singleton v. Chevron, USA, Inc.*, CIV. A. No. 11-1199, 2011 WL 6818870, at *3 (E.D. La. Dec. 28,

2011) ("Plaintiff would need the benefit of discovery to fill out the factual details demanded in the [proposed *Lone Pine* order]-- which is chronologically backwards."). Moreover, in *In re Vioxx*, the case in this district that defendant cites in support of its motion, Judge Fallon issued a *Lone Pine* order but cautioned that such an order would not have been appropriate "before any discovery had taken place since little was known about the structure, nature and effect of Vioxx by anyone other than perhaps [the defendant]." 557 F. Supp. 2d at 744.

## III. Conclusion

For the foregoing reasons, defendant's motion for the entry of a *Lone Pine* order is DENIED. Defendant's motion to stay its discovery obligations pending the resolution of this motion is DENIED AS MOOT. The oral argument on the motion currently set for November 20, 2014 is hereby cancelled.


New Orleans, Louisiana, this 21st day of October, 2014.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE